UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____
)
JUANA MONTANO-PÉREZ, )
MARIA REMEDIOS CERVANTES-CANO, )
DALILA CONTRERAS-MARTÍNEZ, )
MERCEDES GOMEZ-EUGENIO, )
MARIA RAMIREZ-MENDOZA, )
FLORA RIVERA-PABLO, )
SARAÍ CONTRERAS-MARTÍNEZ, )
LUCIANA MORENO-LOPEZ, )
TERESA AYALA-ROSALES, )
CIRILO CASTILLO-AMARO, )
CARLOS RIVERA PABLO )
and, ALVARO SALAZAR RAMIREZ )
)
      Plaintiffs, ) Civ. No. **3:08-cv-1015**
) **JURY DEMAND**
)
v. ) Judge Trauger
)
DURRETT CHEESE SALES, INC., )
GREG DURRETT, CHARLES JONES (in his )
individual and official capacity as officer of the Coffee )
County Sheriff's Department), RYAN BARKER (in his )
individual and official capacity as officer of the Coffee )
County Sheriff's Department), CHAD PARTIN (in his )
individual and official capacity as officer of the Coffee )
County Sheriff's Department) PAM FREEMAN (in her )
individual and official capacity as Captain of the Coffee )
County Sheriff's Department), STEVE GRAVES, (in his )
Individual and official capacity as Sheriff of Coffee County )
Sheriff's Department) and COFFEE COUNTY )
TENNESSEE. )
)
      Defendants. )
_____)

## AMENDED CASE MANAGEMENT PLAN AND ORDER

    Following an Initial Case Management Conference held on January 22, 2009, and pursuant to Rule 11 of the Local Rules of the United States District Court for the Middle District

of Tennessee, Nashville Division, a Case Management Plan and Order were adopted for the above-titled case. Following stays of discovery lasting approximately four months, the parties reconvened via phone on November 25, 2009 and December 9, 2009 to develop a plan for re-starting discovery and for resolution of various ongoing discovery disputes. The parties again spoke about the status of discovery on May 3, 2010.

1. **<u>Jurisdiction and venue:</u>** Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1343 (civil rights). Declaratory and injunctive relief are sought under 28 U.S.C. § 2201 *et seq.*

Jurisdiction is not an issue in dispute. The Coffee County Defendants and Defendant Durrett have requested that this Court not exercise supplemental jurisdiction over the state claims brought by Plaintiffs in this case. Plaintiffs assert that the Court has supplemental jurisdiction over related state law claims asserted herein pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction is appropriate because Plaintiffs' state law claims for unlawful employment discrimination under the THRA, T.C.A. §4-21-101 <u>et</u> <u>seq</u>., and state tort law share a common nucleus of operative facts with Plaintiffs' federal claims.

Venue, while initially disputed by the Coffee County Defendants and Defendant Durrett, has since been deemed appropriate by this Court.

2. **<u>Status of Service of Process and Responsive Pleadings:</u>** All Defendants have been served. Defendants Jones, Barker, Partin, Freeman, Graves, Coffee County Tennessee and Defendant Greg Durrett have filed an answer in this matter. All parties have been served with an Amended Complaint filed in this action on October 14, 2009. <u>See</u> Doc. 62. The County Defendants answered this Complaint on October 16, 2009. <u>See</u> Doc. 63. Defendant Greg Durrett

answered Plaintiffs Amended Complaint on December 22, 2009. See Doc. 72. Defendant Durrett Cheese Sales, Inc., despite the lifting of the bankruptcy stay as to this action, has not answered Plaintiffs' Amended Complaint.

3. **Case Theories:**

**Plaintiff's Theory of the Case:** Plaintiffs in this lawsuit are indigent Mexican workers, the majority of whom are members of the Mixteco community, a Mexican indigenous group. Plaintiffs were victims of wage theft, discrimination, and retaliation at the hands of Defendants. Plaintiffs' employers, Defendants Durrett Cheese Sales, Inc. ("Durrett Cheese") and Greg Durrett ("Durrett") (collectively, "the Durrett Defendants") repeatedly refused to pay Plaintiffs for numerous weeks of work in Defendants' cheese processing operations. Defendants also subjected Plaintiffs to an offensive, hostile and intimidating environment because of Plaintiffs' national origin and race. When Plaintiffs gathered peacefully in the Durrett Cheese break room to assert their rights to be paid for their work, Defendants refused to pay them, and instead called upon Defendants Coffee County and Coffee County Sheriff Steve Graves ("Graves"), Sheriff's Captain Pam Freeman ("Freeman"), and Sheriff's Deputies Chad Partin ("Partin"), Charles Jones ("Jones"), and Ryan Barker ("Barker") (collectively, "the Coffee County Defendants") to assist them in retaliating against Plaintiffs. The Durrett Defendants and Coffee County Defendants conspired to have Plaintiffs arrested on false trespassing charges, jailed, and turned over to Immigration and Customs Enforcement (ICE) to punish Plaintiffs for collectively demanding their lawfully owed wages. Plaintiffs seek redress for Defendants' retaliatory and discriminatory actions pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 215-216; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(a); 42 U.S.C. §§ 1981, 1983 and

3

1985; the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101 et seq. ("THRA"); and state tort law.

**Defendants' Theory of the Case:**

a) Defendant Durrett –Mr. Durrett asserts that he did not do anything or conspire to do anything such that he would be liable to Plaintiffs under any of the theories asserted.

b) Coffee County Defendants – The Coffee County Defendants are not aware of any wage theft, discrimination or retaliation upon the plaintiffs, and these defendants deny they conspired to, committed or participated in any of these alleged wrongs against the plaintiffs. The Coffee County Defendants are not aware of the specific employment conditions of the Plaintiffs with Durrett Cheese Sales, Inc. The Coffee County Defendants deny any and all allegations that any act or omission by any of the Coffee County Defendants violated any of the Civil Rights or any other legal rights of any of the Plaintiffs. The Coffee County Defendants specifically deny any allegations of retaliation, conspiracy or discrimination in effectuating the arrests of the Plaintiffs, or in notifying Immigration and Custom Enforcement. The Coffee County Defendants deny any liability under FLSA or §1983 or State law or any other theory espoused by the Plaintiffs.

4. **Issues Resolved:** Venue.

5. **Issues Still in Dispute:** Supplemental jurisdiction, liability and damages. The qualified immunity issues resolved by the District Court in its October 13, 2009 order are currently on appeal. The parties also continue to have disputes about the appropriate scope of discovery, particularly with respect to Defendants' attempts to discover information related to Plaintiffs' immigration and criminal histories. After a Court-led telephone conference held in

June 2009 and the conclusion of an intervening stay of discovery, Plaintiffs filed a motion for a protective order on January 11, 2010. (Doc. 77.) This Court referred the protective order motion to Magistrate Judge Bryant on January 12, 2010, but has not yet had an opportunity to rule on the merits of the motion. (Doc. 79.) The parties are also currently experiencing several disputes regarding the location, accessibility, and timing of production with respect to electronic files believed by Plaintiffs to be within Defendants' custody and/or control. The parties have been discussing these issues in an attempt to avoid filing motions to compel, but if they are unable to reach agreement soon they anticipate contacting the Court regarding some of these disputes.

      6.    **Mandatory Initial Disclosures:**    Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 30 days after the initial case management conference.

      7.    **Meeting of Counsel to Discuss Settlement Prospects:**  A discussion was held by counsel for the parties on January 8, 2009 regarding settlement, at which point the parties determined that it was too early to discuss settlement. Plaintiffs and the Coffee County-affiliated Defendants participated in a Sixth Circuit mediation on December 3, 2009, at which the participating parties discussed, but did not arrive at, settlement.

      8.    **Discovery**:

    Discovery is not stayed during dispositive motions, unless ordered by the Court. In accordance with Fed. R. Civ. P. 33 and Local Rule 33.01(b) the parties will be permitted to submit 40 interrogatories, including sub-parts. In addition, the parties will seek leave of the court should they seek to submit more than 40 interrogatories. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

5

Case 3:08-cv-01015   Document 88   Filed 05/12/10   Page 5 of 7 PageID #: 954

The parties shall complete all written discovery and depose all fact witnesses by October 30, 2010. All depositions for proof shall be completed no later than 60 days before trial.

9.  **Amending Pleadings and Joining Parties:** Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in delay in the disposition of the action by requiring an extension of the discovery deadline.

10. **Disclosure of Experts:**

Plaintiffs shall disclose their experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before August 30, 2010.

Defendants shall disclose their experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before September 30, 2010.

Any supplements to expert reports shall be filed by the close of business on October 15, 2010. All expert depositions shall be completed by October 30, 2010.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action and strict compliance is required.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

11. **Alternative Dispute Resolution and Joint Mediation Report:**

The parties shall submit a joint mediation report by August 15, 2010.

12. **Dispositive Motions:**

Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except on leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the court.

Dispositive motions shall be filed on or before November 30, 2010. Responses to dispositive motions shall be filed within 30 days after service. Optional replies shall be due 10 days after service of the response.[1]

13. **Electronic Discovery:** The parties previously reached agreements on how to conduct electronic discovery; this agreement was filed with the parties' initial case management order and is still in effect. Thus, the default standard contained in Administrative Order No. 174 need not apply in this case.

14. **Length of Trial:** The parties anticipate that the trial of this case will take 7 days. This action will be set for trial on _____, 2011. A pretrial conference shall be held on _____.

Entered this 12th day of May, 2010.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO BY:

/s/ Mónica Ramírez_____
Mónica Ramirez
*Pro Hac Vice*

---

[1] Strict compliance is required with Local Rule 8(b)(7), relating to summary judgment.