UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUANA MONTERO-PEREZ, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|      v. | ) | NO. 3:08-1015 |
| | ) | Judge Trauger/Bryant |
| DURRETT CHEESE SALES, INC., | ) | **Jury Demand** |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs have filed a motion for a protective order (Docket Entry No. 77) precluding discovery of four categories of information: (1) plaintiffs' immigration histories; (2) detailed information related to plaintiffs' criminal histories; (3) information related to plaintiffs' Social Security numbers, work authorized cards, or other documents or information used to obtain employment; and (4) information related to plaintiffs' work histories other than with defendants.

The "Coffee County defendants" filed a response in opposition (Docket Entry No. 80), as did defendant Greg Durrett (Docket Entry No. 81). Plaintiffs filed a reply (Docket Entry No. 82-1) and supplemental authority in support of this motion (Docket Entry No. 83). The Coffee County defendants filed a further response (Docket Entry No. 84).

Plaintiffs' motion for protective order has been referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed.R.Civ.P. (Docket Entry No. 79).

For the reasons stated below, the Court **grants** plaintiffs' motion in part and **denies** it in part.

## Statement of the Case

Plaintiffs, Mexican immigrants, allege that their former employer, Durrett Cheese Sales, Inc. and its owner, defendant Greg Durrett, failed to pay them wages due and owing and as required by federal wage-and-hour statutes. In addition, plaintiffs allege that Durrett Cheese Sales, Inc., through its supervisory employee, Shanna Ramirez, illegally discriminated against plaintiffs based upon their race and/or national origin and created a hostile workplace environment toward them. Further, plaintiffs allege that when they protested their failure to receive their due wages, Durrett Cheese Sales retaliated against them by reporting to employees of the Coffee County Sheriff's Department that plaintiffs were undocumented immigrants who should be reported to the U.S. Immigration and Customs Enforcement ("ICE"). Plaintiffs allege that members of the Coffee County Sheriff's Department, in collaboration with defendants Durrett Cheese Sales and Durrett, arrested and jailed plaintiffs, and thereafter turned plaintiffs over to agents of ICE without a reasonable basis for suspecting that plaintiffs were undocumented immigrants.

Plaintiffs assert claims under the Fair Labor Standards Act and the National Labor Relations Act, civil rights claims pursuant to 42 U.S.C. § 1981, § 1983, and § 1985(3), claims under Title VII and the Tennessee Human Rights Act, and common-law tort claims for intentional and negligent infliction of emotional distress and malicious prosecution. Plaintiffs seek compensatory

damages for their emotional distress, punitive damages, injunctive and declaratory relief, costs and an award of attorneys' fees.

Defendants have filed answers denying liability.

### Analysis

Rule 26(b) of the Federal Rules of Civil Procedure establishes the general scope of permissible discovery and states in part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

However, Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

In reliance on Rule 26, plaintiffs seek a protective order forbidding discovery of four classes of information:

(1) Plaintiffs' immigration histories, including dates of entry and immigration status at times unrelated to the claims in this case;

(2) factual details underlying plaintiffs' prior criminal convictions and charges for which plaintiffs have not been convicted;

(3) facts and documents related to plaintiffs' Social Security numbers, work authorization cards and other documents used by plaintiffs to obtain employment;

3

> (4) facts and documents related to plaintiffs'
> work history other than at defendant Durrett
> Cheese Sales, Inc.

From the parties' motion papers, it appears that plaintiffs' have agreed to provide certain discovery included in the foregoing classes of information limited to the period of plaintiffs' employment at Durrett Cheese Sales and the arrests giving rise to the claims in this case. Plaintiffs seek a protective order forbidding discovery of additional information within these classes upon two general grounds. First, plaintiffs assert that such additional information is irrelevant to any claim or defense in this case. Second, plaintiffs argue that inquiries into these additional matters will impermissibly harass, embarrass and intimidate plaintiffs and will chill their ability and willingness to assert their legal rights in this case.

**Plaintiffs' immigration histories, including dates of entry and immigration status at times unrelated to the claims in this case**. Plaintiffs apparently have agreed to disclose their immigration status during the time of their employment at Durrett Cheese Sales and at the time of their arrests by the Coffee County defendants (Docket Entry No. 78, p. 7). Plaintiffs argue that additional information about their immigration histories is not relevant.

The Coffee County defendants disagree, and assert that plaintiffs' histories of prior deportations, if any, are relevant

4

to their claim of emotional distress damages (Docket Entry No. 80, p. 4). The Durrett defendants make the same argument (Docket Entry No. 81, p. 7).

Plaintiffs seek damages for their emotional distress arising from alleged employment discrimination, being charged with a crime, and the threat of deportation (Docket Entry No. 62, ¶¶ 95 and 105). Plaintiffs acknowledge that under Tennessee law a tortfeasor "takes a plaintiff as he finds him," and is liable for the full extent of damages resulting from the tortfeasor's wrongdoing, including those damages that result from exacerbation of a pre-existing condition. See, e.g., Hollingsworth v. S & W Pallet co., 74 S.W.3d 347, 357 (Tenn. 2002); Fireman's Fund Ins. Co. v. Glanton, 452 S.W.2d 861, 865 (Tenn. 1970). Although this doctrine is most often invoked to impose additional damages on a tortfeasor attributable to a pre-existing infirmity that makes a plaintiff abnormally vulnerable to injury, the Court finds that evidence of events in plaintiffs' histories that would reasonably enhance, or diminish, a plaintiff's susceptibility to emotional injury from defendants' alleged wrongdoing is relevant. For example, a finder of fact might reasonably conclude that the emotional injury experienced by a person who had never before been arrested for illegal entry or deported would be materially different from the emotional injury of one who had been so charged or deported before on multiple occasions.

5

For the above reasons, the Court **grants** plaintiffs' motion for protective order with respect to plaintiffs' immigration history except for information related to (1) the date, location and disposition of any prior arrest or detention of plaintiffs based upon a charge of illegal or undocumented entry, and (2) any prior deportation.

**<u>Factual details of plaintiffs' prior criminal convictions and criminal charges for which plaintiffs have not been convicted</u>**. Plaintiffs apparently have agreed to provide discovery of the existence, dates, and locations of any prior criminal convictions of plaintiffs within the scope of Rule 609, Federal Rules of Evidence, including recent convictions related to use of false identification documents to obtain employment with defendant Durrett Cheese Sales. Plaintiffs seek a protective order forbidding discovery of additional underlying details of these charges and information related to other criminal charges.

The Coffee County defendants argue that they should be allowed to discover underlying facts related to plaintiffs' claims that these defendants lacked probable cause or reasonable suspicion to arrest or detain plaintiffs. Specifically, defendants argue that "information pertaining to the Plaintiffs' knowledge or participation in the use of false information to obtain work at Durrett Cheese is directly related to the Coffee County Defendants' ability" to show probable cause or a nondiscriminatory basis for their actions (Docket Entry No. 80, p. 3). In reply, plaintiffs

6

insist that the existence of probable cause is determined based upon what defendants, and not plaintiffs, knew at the time of the arrest (Docket Entry No. 82-1, p. 4; Dietrich v. Burrows, 167 F.3d 1007, 1012 (6th Cir. 1999). Moreover, law enforcement officers may not use evidence obtained through investigation after an arrest to justify retroactively an arrest lacking probable cause when it was made. Myers v. Potter, 422 F.3d 347, 353 (6th Cir. 2005).

Given that plaintiffs have stated their willingness to provide in discovery information related to their immigration status while employed at Durrett Cheese Sales and at the time of their arrests by the Coffee County defendants, the Court finds that additional discovery of plaintiffs' prior criminal histories beyond the existence, dates and locations of convictions within the prior ten-year period provided in Rule 609, Federal Rules of Evidence, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion for protective order with respect to such additional discovery of plaintiffs' criminal history is **granted**.

**Facts and documents related to plaintiffs' Social Security numbers, work authorization cards and other documents used by plaintiffs to obtain employment.** Plaintiffs seek a protective order forbidding discovery of plaintiffs' use of false documents to obtain employment. In addition to the discussion in the previous section of this memorandum regarding discovery of plaintiffs' criminal histories generally, the Durrett defendants allege that

7

discovery of plaintiffs' participation in, and knowledge of, the creation and use of false documents to obtain employment is discoverable. Defendants argue that such information is relevant to Durrett's ability to foresee that plaintiffs would be detained as illegal immigrants and suffer emotional injury resulting from such detention (Docket Entry No. 81, pp. 3-5).

In reply, plaintiffs assert: (1) that the doctrine of foreseeability does not apply in this case and, (2) even if it did, plaintiffs' knowledge regarding the falsity of documents used to obtain employment has no bearing on what the Durrett defendants could reasonably be held to foresee (Docket Entry No. 82-1, pp. 6-12). Indeed, to the extent that the legal doctrine had any application in this case, the scope of what is reasonably foreseeable to a defendant is determined by what the defendant knows, and not by what the plaintiff knows. See, e.g., West v. E. Tenn. Pioneer Oil Co., 172 S.W.3d 545, 552 (Tenn. 2005).

For the foregoing reasons, the Court finds that discovery of facts relating to plaintiffs' Social Security numbers, work authorization cards and other documents used by plaintiffs to obtain employment should be forbidden, except to the limited extent permitted in this memorandum, and that plaintiffs' motion for protective order should be granted.

**Plaintiffs' work histories other than at Durrett Cheese Sales**. Plaintiffs insist that their work histories other than at Durrett Cheese Sales are not relevant to any claim or defense in

this case and that discovery of them should be forbidden. As further grounds, plaintiffs assert that such discovery may intimidate plaintiffs and chill their willingness to pursue their legal rights. Defendants in their motion papers have not addressed discovery of plaintiffs' work histories, nor have they challenged plaintiffs' assertions that discovery of such histories should be forbidden as irrelevant.

For this reason, plaintiffs' motion for protective order with respect to discovery of plaintiffs' work histories is **granted**.

### Summary

With respect to the four categories of information that are the subject of plaintiffs' motion for protective order, the Court summarizes its rulings in this memorandum as follows:

1. <u>Plaintiffs' immigration histories</u>. In addition to plaintiffs' immigration status during their employment at Durrett Cheese Sales and when arrested by the Coffee County defendants, information about which plaintiffs have agreed to provide, plaintiffs also shall respond to discovery with respect to the dates, locations and dispositions of (A) any prior arrests or detentions based on charges of illegal or undocumented entry into the United States and (B) any prior deportations.

2. <u>Plaintiffs' criminal histories</u>. Plaintiffs shall respond to discovery regarding the existence, dates and locations of any criminal convictions within ten years prior to the filing of their complaint, including but not limited to convictions of crimes

9

punishable by death or imprisonment in excess of one year, or requiring admission or proof of an act of dishonesty or false statement by the accused.

3. <u>Plaintiffs' Social Security numbers, work authorization cards and other documents used by plaintiffs to obtain employment</u>. Plaintiffs shall not be required to provide discovery on these topics beyond what is necessarily required in order to respond to topics (1) and (2) above.

4. <u>Plaintiffs' work histories</u>. Plaintiffs shall not be required to respond to discovery regarding their work histories prior to employment at Durrett Cheese Sales.

To the extent not expressly stated above, additional discovery into the four categories of information addressed in plaintiffs' motion for protective order shall be forbidden. As explained in this memorandum, plaintiffs' motion for protective order is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

                                                s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge