IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUANA MONTANO-PEREZ; MARIA REMEDIOS CERVANTES-CANO; DALILA CONTRERAS-MARTINEZ; MERCEDES GOMEZ-EUGENIO; MARIA RAMIREZ-MENDOZA; FLORA RIVERA-PABLO; SARAI CONTRERAS-MARTINEZ; LUCIANA MORENO-LOPEZ; TERESA AYALA-ROSALES; CIRILO CASTILLO-ARMARO; CARLOS RIVERA PABLO; and ALVARO SALAZAR RAMIREZ[1] <br><br> v. <br><br> DURRETT CHEESE SALES, INC.;[2] GREG DURRETT; CHARLES JONES, in his individual and official capacity as officer of the Coffee County Sheriff's Department; RYAN BARKER, in his individual and official capacity as officer of the Coffee County Sheriff's Department; CHAD PARTIN, in his individual and official capacity as officer of the Coffee County Sheriff's Department; PAM FREEMAN, in her individual and official capacity as Captain of the Coffee County Sheriff's Department; STEVE GRAVES, in his individual and official capacity as Sheriff of Coffee County Sheriff's Department; and COFFEE COUNTY, TENNESSEE | No. 3-08-1015 |

O R D E R

By order entered June 29, 2010 (Docket Entry No. 127), this case was referred to the undersigned to conduct a settlement conference in late August of 2010, and to schedule a pre-mediation telephone conference in early August of 2010.

---

[1] On May 10, 2010, the plaintiffs and all defendants except defendant Durrett Cheese Sales, Inc., filed a joint stipulation for voluntary dismissal of all claims of plaintiff Alvaro Salazar Ramirez (Docket Entry No. 86).

[2] On June 21, 2010, the Clerk entered default against defendant Durrett Cheese Sales, Inc. for its failure to file a response to the complaint (Docket Entry No. 115).

Counsel for the parties shall convene a telephone conference call with the Court on **Wednesday, August 4, 2010, at 11:00 a.m.**, to be initiated by counsel for the Coffee County defendants, to address any issues prefatory to the settlement conference, including but not necessarily limited to, whether all plaintiffs and all individual defendants shall be required to attend the settlement conference, whether, if there is insurance coverage, a representative of the insurer will be present, and whether a representative of defendant Coffee County will be able to have full settlement authority at the settlement conference.

In consultation with counsel for the parties, a settlement conference is scheduled on **Thursday, August 26, 2010, at 9:00 a.m.**, in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Unless otherwise ordered, counsel for the parties shall attend the settlement conference, along with the plaintiffs and the individual defendants and a representative of Coffee County, Tennessee with full settlement authority. For the purposes of this case, full settlement authority means that the representative of defendant Coffee County present at the settlement conference shall have full settlement authority up to the last demand made by the plaintiffs, that the plaintiffs, the individual defendants, and the representative of defendant Coffee County do not need authority from any other individual to enter into any settlement agreement, and that the plaintiffs, the individual defendants, and the representative of defendant Coffee County present at the settlement conference shall have total independent authority to enter into <u>any</u> settlement.[3]

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

---

[3] The parties are advised that, unless otherwise specifically ordered, failure to be present with <u>full</u> settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

By **4:00 p.m. on Thursday, August 19, 2010,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Peter Malanchuk, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits, and each client's probable success on the damages sought and/or relief requested by the plaintiffs.

   a) Plaintiffs' statement shall contain an assessment from the plaintiffs' viewpoint of their damages and the strengths and weaknesses of their position.

   b) Defendants' statements[4] shall contain an assessment of the plaintiffs' damages, defendants' exposure to those damages, and the respective strengths and weaknesses of defendants' position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their theory of liability or defense;

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding to trial, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

---

[4] The Coffee County defendants shall submit one settlement conference statement and defendant Greg Durrett shall submit a separate settlement conference statement.

3

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his or her client in a settlement of the case and all other terms and conditions of such a settlement, based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

7) The statement shall include the maximum amount the defendants are willing to pay and the minimum amount the plaintiffs are willing to accept, and any other term upon which each client insists.[5]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

Counsel for the parties shall also convene another telephone conference call with the Court on **Friday, August 20, 2010, at 1:00 p.m.**, to be initiated by counsel for the Coffee County defendants, to address any matters prefatory to the settlement conference after the parties have submitted and the Court has reviewed the parties' settlement conference statements.

If they have not already done so, the plaintiffs shall relay a settlement demand to the defendants as soon as possible, and the defendants shall respond with a counter-offer to the settlement conference. Thereafter, the parties shall engage in any appropriate settlement discussions prior to August 26, 2010.

It is so ORDERED.

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge

---

[5] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.