IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUANA MONTANO-PEREZ; MARIA )
REMEDIOS CERVANTES-CANO; )
DALILA CONTRERAS-MARTINEZ; )
MERCEDES GOMEZ-EUGENIO; )
MARIA RAMIREZ-MENDOZA; )
FLORA RIVERA-PABLO; SARAI )
CONTRERAS-MARTINEZ; LUCIANA )
MORENO-LOPEZ; TERESA AYALA- )
ROSALES; CIRILO CASTILLO- ) No. 3-08-1015
ARMARO; CARLOS RIVERA PABLO;[1] )
and ALVARO SALAZAR RAMIREZ[2] )
 )
v. )
 )
DURRETT CHEESE SALES, INC.;[3] )
GREG DURRETT; CHARLES JONES, )
in his individual and official capacity )
as officer of the Coffee County Sheriff's )
Department; RYAN BARKER, in his )
individual and official capacity as officer )
of the Coffee County Sheriff's )
Department; CHAD PARTIN, in his )
individual and official capacity as officer )
of the Coffee County Sheriff's )
Department; PAM FREEMAN, in her )
individual and official capacity as Captain )
of the Coffee County Sheriff's )
Department; STEVE GRAVES, in his )
individual and official capacity as Sheriff )
of Coffee County Sheriff's Department; )
and COFFEE COUNTY, TENNESSEE )

O R D E R

Pursuant to the order entered July 1, 2010 (Docket Entry No. 130), counsel for the parties called the Court on August 4, 2010, at which time the following matters were addressed:

---

[1] By order entered May 19, 2010 (Docket Entry No. 104), the Court granted plaintiffs' counsel's motion to withdraw as counsel for Carlos Rivera Pablo, who is not named in the second amended complaint (Docket Entry No. 134).

[2] On May 10, 2010, the plaintiffs and all defendants except defendant Durrett Cheese Sales, Inc., filed a joint stipulation for voluntary dismissal of all claims of plaintiff Alvaro Salazar Ramirez (Docket Entry No. 86).

[3] On June 21, 2010, the Clerk entered default against defendant Durrett Cheese Sales, Inc. for its failure to file a response to the complaint (Docket Entry No. 115).

1. As soon as practical, the plaintiffs shall provide the defendants, including defendant Durrett, with a revised settlement demand(s), which shall include any proposals for injunctive relief (whether or not revised from the original settlement demand).

2. Although the Court normally directs that the defendants make counter-offers prior to the settlement conference, and, in fact, did so direct in the July 1, 2010, order,[4] the defendants persuaded the Court, with the acquiescence of plaintiffs' counsel, that relaying counter-offers to the plaintiffs' revised settlement demand before the settlement conference might be counter-productive to the settlement process. However, counsel for the Coffee County defendants shall review the portion of the plaintiffs' demand listing items for injunctive relief, consult with the County Attorney for Coffee County and any other appropriate County officials or employees to determine if the plaintiff's proposals would be "doable" or "impossible," if the County defendants agreed to such proposals, and relay that assessment to plaintiffs' counsel as soon as practical.

3. The individual plaintiffs are strongly encouraged to attend the settlement conference on August 26, 2010, but are not required to do so. To the extent practical, absent plaintiffs shall be available by telephone during the settlement conference.[5]

4. The plaintiffs shall be responsible for bringing any necessary interpreters and interpreting equipment to the settlement conference.

5. The telephone conference call, scheduled in the July 1, 2010, order on August 20, 2010, is CANCELLED, since the Court and counsel determined that the issues that would normally be addressed during that conference call had already been addressed. However, if the Court determines, after reviewing the parties' settlement conference statements to be submitted by

---

[4] The Court acknowledges that the July 1, 2010, order was not drafted clearly and thus might not have been construed to require the defendants to respond with a counter-offer prior to the settlement conference since the second clause of the next to the last sentence of the order should have read "the defendants shall respond with a counter-offer prior to the settlement conference."

[5] Plaintiffs' counsel advised that at least one of the plaintiffs, residing in Mexico, may not have access to a telephone.

August 19, 2010, that another conference call prior to the settlement conference is appropriate, it will be scheduled at that time.

Except as modified herein, the July 1, 2010, order remains in full force and effect.

The Clerk is directed to mail a copy of this order to plaintiff Carlos Rivera Pablo, General Delivery, Cochoapa el Grande, Guerrero, Mexico, since he is proceeding pro se.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge